UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **GILBERT VERA VILLANUEVA,** § § | |
| Petitioner, § § | |
| v. § § § | **CIVIL ACTION V-08-06** |
| **NATHANIEL QUARTERMAN,** § | |
| Director, Texas Department of § | |
| Criminal Justice, Institutional Division, § § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gilbert Vera Villanueva ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his conviction. (Dkt. No. 1.) Respondent Nathaniel Quarterman ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division (TDCJ), filed a motion for summary judgment (Dkt. No 18), to which Petitioner responded (Dkt. No. 19). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### I. Factual Background

On April 12, 2007, Petitioner pled *nolo contendere* to second degree felony theft in violation of Texas Penal Code Section 31.03. *State v. Villanueva*, No. 07-3-7599 (24th Dist. Ct., Jackson County, Tex., Apr. 12, 2007). Petitioner was sentenced to 16 years confinement in the TDCJ Institutional Division. *Id.* Petitioner did not appeal this conviction or file a petition for discretionary review. (Dkt. No. 1 at 3.) On September 4,

2007, Petitioner filed a state habeas application challenging his conviction and sentence, which the Texas Court of Criminal Appeals denied without written order on December 5, 2007. *Ex Parte Villanueva*, No. WR-68,599-01 (Tex. Crim. App. 2007). On December 19, 2007, Petitioner filed the present habeas petition, again challenging the validity of his conviction and sentence. (Dkt. No. 1.) *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for the purposes of determining the applicability of the AEDPA, a federal habeas petition is considered filed the date it is placed in the prison mail system).

## II. Claims and Allegations

The Court understands Petitioner to challenge his confinement on the following grounds:

(1) His sentence is illegal.

(2) His trial counsel was ineffective for (a) not informing him of his rights, including his right to appeal, and (b) threatening him and using scare tactics in order to make him plea *nolo contendere*.

(3) He was bribed into pleading *nolo contendere* and prejudiced by the trial court because he could not afford an adequate defense.

(4) The prosecutor was deceptive for altering his indictment during the course of the state habeas proceedings.

(Dkt. No. 1 at 7—8.) The Court will consider the appropriateness of summary judgment as to each of Petitioner's allegations.

2

### III. Legal Standards

### A. Summary Judgment

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the Court construes factual controversies in a light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[1] The burden is on the movant to convince the Court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence

---

1. The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### B.  28 U.S.C. § 2254

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 692 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief.  *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) & (2)).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or

unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 406—13.  In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* at 409.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 399 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

These standards will be applied to the pending summary judgment motion.

### IV. Analysis

#### A.  Ground One: "Illegal Sentencing"

First, Petitioner alleges he is serving an illegal sentence because his sentence was wrongly enhanced. Specifically, Petitioner claims he should have been sentenced to two years, but "the Court made [him] believe that [he] wasn't an habitual, and [he] wasn't even sentenced under habitual criminal guidelines or statutes." (Dkt. No. 1 at 7.)

The Texas Court of Criminal Appeals found that Petitioner's sentence was legal when denying his state habeas petition. *Ex parte Villanueva* at cover & 8. Where the highest court of the state has reviewed and denied a petitioner's allegations, the Court will only grant federal habeas relief if it can be shown that the adjudication of those

5

allegations was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 404. Because state habeas relief was denied without opinion, the Court "assumes that the state court applied the proper 'clearly established Federal law'. . . ." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

Under clearly established federal law, "[a]n illegal sentence is one that the judgment of conviction does not authorize." *U.S. v. Hart*, 189 F.3d 469, 1999 WL 548662, *1 (5th Cir. 1999) (citing *U.S. v. Morgan*, 346 U.S. 502, 506 (1954)). Petitioner has presented no evidence in his petition that could lead the Court to conclude that the state court's decision went against Supreme Court precedent or unreasonably interpreted the facts set forth in the application for state writ. On the contrary, the record supports the state court's finding that Petitioner's sentence is authorized by law. Petitioner pled *nolo contendere* to third-degree felony theft of property and also pled true to the first enhancement paragraph of the indictment alleging a prior felony, raising his punishment to the second-degree felony range. (Dkt. No. 18, Ex. A at 1 & 10); TEX. PENAL CODE § 12.42(a)(3). A second-degree felony is punishable by confinement for a term of two to twenty years and an optional fine not to exceed $10,000. TEX. PENAL CODE § 12.33. Petitioner was sentenced to 16 years and no fine was assessed. Petitioner's sentence is therefore authorized by statute.

The Court finds that Petitioner has failed to meet his burden of proof and summary judgment is warranted as to his illegal sentence claim.

### B. Ground Two: "Ineffective Assistance of Counsel"

Petitioner next claims that his *nolo contendere* plea was invalid because of his attorney's ineffective assistance. Specifically, Petitioner claims his trial counsel (a) did not inform him of any of his rights, including his right to appeal, and (b) used "scare tactics" and "threatened" Petitioner in order to "get [Petitioner] to sign for time." (Dkt. No. 1 at 7.)

The Court of Criminal Appeals of Texas has already reviewed and denied Petitioner's ineffective assistance of counsel claim. *Ex parte Villanueva*, at cover & 9. Thus, as noted *supra*, the Court will only grant relief if Petitioner can show the state court's decision was contrary to or involved unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 404. In the context of an ineffective assistance of counsel claim, that clearly established law is the analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

In *Strickland*, the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a petitioner must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might

7

have been different but for counsel's errors. *Id.* at 372. The *Strickland* test is equally applicable in the context of plea agreements. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). However, in the plea bargain context the second prong of the *Strickland* test is addressed to whether or not a defendant would have proceeded to trial instead of accepting the plea. *Id.* at 59. Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88 n.4 (5th Cir. 1993)).

Because state habeas relief was denied without opinion, the Court will assume that the Texas court applied the *Strickland* analysis and found either that Petitioner's counsel was not deficient or that Petitioner was not prejudiced by his counsel's performance. *See Schaetzle*, 343 F.3d at 443. Petitioner has presented no evidence in his petition that could lead the Court to conclude that the state court unreasonably applied the standards set forth in *Strickland* or unreasonably interpreted the facts set forth in the application for state writ.

Likewise, Petitioner has failed to present any evidence that his trial counsel used "scare tactics" or "threats" to force Petitioner to "sign for time." (Dkt. No. 1 at 7.) On the contrary, Petitioner signed a Plea Memorandum in which he affirmatively stated, "The defendant is entering his plea freely and voluntarily without any threats or coercion . . . ."

(Dkt. No. 19, Ex. A at 3.) The Plea Memorandum also informed Petitioner that he had the following rights: (1) right to have a copy of the indictment; (2) right to arraignment; (3) right to 10 days trial preparation; (4) right to review any presentence report; (5) right to a jury trial; (6) right to confront and cross-examine witnesses; (7) right against self-incrimination; and (8) right to appeal (*Id.* at 4—5), thus negating any claim that Petitioner was unaware of his rights, including his right to appeal. Moreover, Petitioner affirmed that he was "totally satisfied with the representation given by [his] attorney in this case" and "was provided fully effective and competent representation." (*Id.* at 3.) Therefore, the Court finds that Petitioner has failed to meet his burden of proof and summary judgment is warranted as to his ineffective assistance of counsel claim.

### C.  Ground Three: "Prejudice and Bribe"

Petitioner next claims that he was prejudiced by the trial court and bribed into pleading *nolo contendere*. Petitioner fails to explain *how* he was prejudiced, stating only that he "feel[s] the Court over [his] case showed great prejudice in [his] individual case because [he] could not afford adequate defense." Likewise, Petitioner fails to explain *with what* or *by whom* he was bribed, stating only that he was "bribed into signing for a sentence in which [he] didn't deserve." (Dkt. No. 1 at 7.)

Like Petitioner's claims for illegal sentence and ineffective assistance of counsel, the Court of Criminal Appeals of Texas has already reviewed and denied Petitioner's allegations of prejudice and bribe. *Ex parte Villanueva* at cover & 10. Because state habeas relief was denied without opinion, the Court will assume the Texas court applied the proper legal standards and reasonably interpreted the facts set forth in the application

for state writ, and Petitioner has presented no evidence to the contrary. *See Williams*, 529 U.S. at 404; *Schaetzle*, 343 F.3d at 443.

Furthermore, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Here, not only does Petitioner fail to present even a scintilla of evidence supporting his prejudice and bribe claims, his allegations are directly contradicted by the record. First, as the Court noted *supra*, Petitioner acknowledged in writing that he was provided a "fully effective and competent" defense, thus negating the basis for his prejudice claim. (Dkt. No. 18, Ex. A at 3.) Likewise, with respect to Petitioner's bribe claim, Petitioner expressly affirmed that he was "entering his plea freely and voluntarily without any threats or coercion" and "ha[d] not been made any promise to induce [him] to plead which [was] not revealed to the Court." (*Id.*) Therefore, the Court finds that Petitioner has failed to meet his burden of proof and summary judgment is warranted as to his prejudice and bribe claims.

### D.  Ground Four: "Deception"

Finally, Petitioner claims the district attorney "altered and forged" his original indictment during the course of his state habeas proceedings in order to "try and deceive and manipulate the court of appeals." (Dkt. No. 1 at 8.) Petitioner does not indicate *how* the district attorney "forged" or "altered" his indictment; however, as explained by Respondent and supported by the record:

> The [trial] court had before it the original indictment in Villanueva's case.
> It appears that when the State responded to Villanueva's state writ

> application, the State supplied another copy of the indictment in Villanueva's case. For some reason, not clear from the record, the copy that the State sent has a handwritten notation at the top of the indictment. The term F-1 is crossed out and next to it is written "Hab."

(Dkt. No. 18 at 22 (citing *Ex parte Villaneuva* at 18 & 25—28).)

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State." Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exhaustion requires that federal claims be fairly presented to the highest court of the relevant state. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas, a petitioner satisfies this requirement by presenting his claims to the Court of Criminal Appeals of Texas by filing a petition for discretionary review or, in post-conviction matters, by filing a state application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). A review of Petitioner's initial state habeas corpus application reveals that he did not present a claim concerning the district attorney's alleged deception to the Texas Court of Criminal Appeals. *See Ex parte Villanueva* at 3—14.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722 (1991). To establish cause, Petitioner must show

that some objective external factor impeded his ability to present his claim in his first state habeas application. *See Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000). Petitioner's explanation for failing to raise his deception claim during his initial application for a state writ of habeas corpus—that "it did not happen <u>until</u> the <u>course</u> of his habeas proceeding" (Dkt. No. 19 at 9 (emphasis in original))—is insufficient to meet this burden because Petitioner could easily have supplemented his state application upon discovery of the "altered" indictment. Petitioner also fails to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice because he has not presented any new and reliable proof that he is actually innocent of the charges. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). Therefore, Petitioner's deception claim is denied as unexhausted and procedurally barred.

The Court further notes that even if Petitioner's deception claim were not barred, it is without merit. Petitioner has failed to offer anything more than a conclusory allegation that the district attorney altered his indictment in order to "deceive and manipulate" the Court of Criminal Appeals of Texas. Respondent, however, has offered a plausible explanation for this notation: "It is possible that whoever made that notation was referencing the fact that the State abandoned enhancement paragraphs two through four at trial, and proceeded on only the first enhancement paragraph." (Dkt. No. 18 at 22 (citing *Ex parte Villanueva* at 20).) Moreover, Petitioner has failed to even allege that the alteration had any affect on his *conviction or sentence*, which forms the entire basis for his federal habeas petition. Thus, the Court finds that summary judgment is warranted as to Petitioner's deception claim.

**Conclusion**

For the foregoing reasons, Respondent's Motion to for Summary Judgment (Dkt. No. 18) is GRANTED and Petitioner's habeas petition (Dkt. No. 1) is DISMISSED.

It is so ORDERED.

Signed this 4th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE